# EXHIBIT A

**NAGEL RICE, LLP**
Diane E. Sammons, Esq. – 031751981
103 Eisenhower Parkway
Suite 103
Roseland, New Jersey 07068
(973) 618-0400

- and -

**CARNEY BATES & PULLIAM, PLLC**
Randall K. Pulliam, Esq. (pro hac vice to be submitted)
519 West 7th Street
Little Rock, Arkansas 72201
(501) 312-8500

Attorneys for Plaintiffs

CIVIL RECORDS
N.J. SUPERIOR COURT
MIDDLESEX VICINAGE

2017 MAY 15 A 11: 43

FILED & RECEIVED #5

| | |
|---|---|
| ARcare, Inc., an Arkansas Corporation, on behalf of itself and all others similarly situated<br><br>　　　　　　　Plaintiff,<br>v.<br>Sun Pharmaceutical Industries, Inc.<br>　　　　　　　Defendant. | SUPERIOR COURT OF NEW JERSEY<br>MIDDLESEX COUNTY: LAW DIVISION<br>DOCKET NO. MID-L-2984-17<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff, ARcare, Inc. ("Plaintiff"), on behalf of itself and all others similarly situated, brings this Complaint against Defendant Sun Pharmaceutical Industries, Inc. ("Defendant") for violations of the federal Telephone Consumer Protection Act. Plaintiff seeks certification of its claims against Defendant as a class action. In support, Plaintiff states as follows:

### INTRODUCTION

1. This case challenges Defendant's policy and practice of faxing advertisements without obtaining Plaintiff's prior express permission.

2. Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the fast-growing expansion of the telemarketing industry. As is pertinent here, the

1

TCPA and its implementing regulations prohibit persons within the United States from sending advertisements via fax.

3. Junk faxes disrupt recipients' peace, drain recipients' paper, ink, and toner, and cause recipients tangible damages. Junk faxes also cause recipients to waste valuable time retrieving and discerning the purpose of the faxes; prevent fax machines from receiving and sending authorized faxes; and cause undue wear and tear on recipients' fax machines. Plaintiff offers pharmaceutical services and must use its fax machine to receive communications about patients. That purpose is impeded when Plaintiff's fax machine is invaded by junk faxes.

4. The TCPA provides a private right of action and statutory damages of $500 per violation, which may be trebled when the violation is willing or knowing.

5. On behalf of itself and all others similarly situated, Plaintiff brings this case under the TCPA to recover declaratory relief, damages for violations of the TCPA, and an injunction prohibiting Defendant from future TCPA violations.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over Defendant because its operates its business in New Jersey.

7. This Court has subject-matter jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331.

8. Venue in this district is proper because this is the district in which Defendant resides.

## PARTIES

9. Plaintiff ARcare is an Arkansas non-profit corporation located in Augusta, Arkansas.

10. Defendant Sun Pharmaceutical Industries, Inc. is a company that manufactures and distributes generic, prescription, and over-the-counter pharmaceuticals to pharmacies. It has its principal place of business in Cranbury, New Jersey, and is organized under the laws of Delaware.

## FACTS

11. ARcare operates more than 40 primary care physician clinics and pharmacies.

12. During the Class Period, Defendant sent an unsolicited advertisement to Plaintiff's ink-and-paper facsimile machine located in Augusta, Arkansas. The fax announces that it is "Introducing the *first* product from Sun Ophthalmics" and touts the advantages of Defendant's ophthalmic solution. The fax also states that its products are "NOW AVAILABLE TO ORDER," and encourages the recipient to "Learn more at **bromsite.com**." (emphasis in original). Exhibit A is an exemplary of the junk faxes Defendant sends.

13. Upon information and belief, Plaintiff has received multiple fax advertisements from Defendant similar to Exhibit A.

14. Defendant did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine.

## CLASS ALLEGATIONS

15. In accordance with Fed. R. Civ. P. 23, Plaintiff brings this action on behalf of the following class of persons (the "Class"):

> All persons and entities who held telephone numbers that received one or more telephone facsimile transmissions that promoted the commercial availability or quality of property, goods or services offered by "Sun Pharmaceuticals."

16. Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is proper, as more information is gleaned in discovery.

17. Excluded from the Class is Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers, directors, agents, servants, or employees of Defendant and the immediate family members of any such person. Also excluded are any judge who may preside over this case and any attorneys representing Plaintiff or the Class.

18. <u>Numerosity [Fed R. Civ. P. 23(a)(1)]</u>. The Members of the Class are so numerous that joinder is impractical. Upon information and belief, Defendant has sent illegal fax advertisements to hundreds if not thousands of other recipients.

19. <u>Commonality [Fed. R. Civ. P. 23(a)(2)]</u>. Common questions of law and fact apply to the claims of all Class Members and include (but are not limited to) the following:

   a. Whether Defendant sent faxes promoting the commercial availability or quality of property, goods, or services;

   b. The manner and method Defendant used to compile or obtain the list(s) of fax numbers to which they sent the faxes attached as <u>Exhibit A</u> to Plaintiff's Class Action Complaint and other unsolicited fax advertisements;

   c. Whether Defendant faxed advertisements without first obtaining the recipient's express permission or invitation;

   d. Whether Defendant sent fax advertisements knowingly or willfully;

   e. Whether Defendant violated 47 U.S.C. § 227;

   f. Whether Plaintiff and the other Class members are entitled to statutory damages;

   g. Whether the Court should award trebled damages; and

   h. Whether Plaintiff and the other Class Members are entitled to declaratory, injunctive, or other equitable relief.

4

20. <u>Typicality [Fed. R. Civ. P. 23(a)(3)]</u>. Plaintiff's claims are typical of the claims of all Class Members. Plaintiff received unsolicited fax advertisements from Defendant during the Class Period. Plaintiff makes the same claims that it makes for the Class Members and seeks the same relief that it seeks for the Class Members. Defendant has acted in the same manner toward Plaintiff and all Class Members.

21. <u>Fair and Adequate Representation [Fed. R. Civ. P. 23(a)(4)]</u>. Plaintiff will fairly and adequately represent and protect the interests of the Class. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the Class.

22. <u>Predominance and Superiority [Fed. R. Civ. P. 23(b)(3)]</u>. For the following reasons, common questions of law and fact predominate and a class action is superior to other methods of adjudication:

    (a) Proof of Plaintiff's claims will also prove the claims of the Class without the need for separate or individualized proceedings;

    (b) Evidence regarding defenses or any exceptions to liability that Defendant may assert will come from Defendant's records and will not require individualized or separate inquiries or proceedings;

    (c) Defendant has acted and continue to act pursuant to common policies or practices in the same or similar manner with respect to all Class Members;

    (d) The amount likely to be recovered by individual Members of the Class does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs;

    (e) This case is inherently well-suited to class treatment in that:

(i) Defendant identified persons or entities to receive its fax transmissions, and it is believed that Defendant's computer and business records will enable Plaintiff to readily identify Class Members and establish liability and damages;

(ii) Common proof can establish Defendant's liability and the damages owed to Plaintiff and the Class;

(iii) Statutory damages are provided for in the statutes and are the same for all Class Members and can be calculated in the same or a similar manner;

(iv) A class action will result in an orderly and expeditious administration of claims, and it will foster economies of time, effort, and expense;

(v) A class action will contribute to uniformity of decisions concerning Defendant's practices; and

(vi) As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

## CLAIMS FOR RELIEF

### COUNT ONE
**Violations of the Telephone Consumer Protection Act**
*47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)*

23. Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

24. The TCPA provides strict liability for sending fax advertisements in a manner that does not comply with the statute. Recipients of fax advertisements have a private right of action to

seek an injunction or damages for violations of the TCPA and its implementing regulations. 47 U.S.C. § 227(b)(3).

25. The TCPA makes it unlawful to send any "unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). "Unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

26. Unsolicited faxes are illegal if the sender and recipient do not have an "established business relationship." 47 U.S.C. § 227(b)(1)(C)(i). "Established business relationship" is defined as "a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party." 47 U.S.C. § 227(a)(2); 47 C.F.R. § 64.1200(f)(6).

27. Defendant faxed unsolicited advertisements to Plaintiff, in violation of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

28. Defendant knew or should have known (a) that Plaintiff had not given express invitation or permission for Defendant to fax advertisements about its services and products; and (b) that Exhibit A is an advertisement.

29. Defendant's actions caused actual damage to Plaintiff and the Class Members. Defendant's junk faxes caused Plaintiff and the Class Members to lose paper, toner, and ink consumed in the printing of Defendant's faxes through Plaintiff's and the Class Members' fax

machines. Defendant's faxes cost Plaintiff and the Class Members time that otherwise would have been spent on Plaintiff's and the Class Members' business activities.

30. In addition to statutory damages (and the trebling thereof), Plaintiff and the Class are entitled to declaratory and injunctive relief under the TCPA.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

a) Determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure;

b) Declare Defendant's conduct to be unlawful under the TCPA;

c) Award $500 in statutory damages under the TCPA for each violation, and if the Court determines the violations were knowing or willful then treble those damages;

d) Enjoin Defendant from additional violations;

e) Award Plaintiff and the Class their attorney's fees and costs;

f) Grant such other legal and equitable relief as the Court may deem appropriate.

NAGEL RICE, LLP<br>
Attorneys for Plaintiffs<br><br>
By: _____<br>
DIANE E. SAMMONS

Dated: May 9, 2017

## JURY DEMAND

Plaintiff and the Members of the Class hereby request a trial by jury.

## TRIAL COUNSEL DESIGNATION

Pursuant to R. 4:25-4, Diane E. Sammons, Esq. is hereby designated as trial counsel on behalf of plaintiffs.

## RULE 4:5-1 CERTIFICATION

I hereby certify that to the best of my knowledge the matter in controversy is not the subject of another action pending in any Court or of a pending arbitration proceeding and that no other parties are necessary to join at this time.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

NAGEL RICE, LLP
Attorneys for Plaintiffs

By: /s/ Diane E. Sammons
DIANE E. SAMMONS

Dated: May 9, 2017

# EXHIBIT A

# BromSITE™
## (bromfenac ophthalmic solution) 0.075%



## INTRODUCING
## the *first* product
## from Sun Ophthalmics

### NOW AVAILABLE TO ORDER

| Description | NDC Number | McKesson Item # |
|---|---|---|
| BromSite™ (bromfenac ophthalmic solution) 0.075% 5 mL in a 7.5 mL bottle | 49708-754-41 | 3590742 |

There is NO A/B bioequivalent or generic for BromSite™.

### Learn more at bromsite.com

The RxEducation content and communications herein are being provided by McKesson Manufacturer Marketing, a division of McKesson Specialty Health Pharmaceutical & Biotech Solutions, LP ("MMM"). If you no longer want to receive future RxEducation faxes from MMM, please let us know by:
(a) Calling us toll-free at 800-279-5790 (and specifying option [i] or [ii] below); or
(b) Checking one of the boxes below and faxing us back toll-free at 800-279-9152
I.   ☐ I do not wish to receive future RxEducation faxes from MMM. I wish to continue to receive other faxes from MMM
II.  ☐ I do not wish to receive any future faxes from MMM
MMM Opt-Out Fax Number(s)_____ Account Number_____; or
(c) Emailing us at MMM@mckesson.com with the subject line to Fax Opt-Out (and specifying option [i] or [ii] above)
You have the right to request to no longer receive MMM faxes in the manner described above, and it is unlawful if we do not comply within 30 days of your request. Your request must identify your fax number(s) and must be made in the manner described above. Please note that (a) you may later change your mind and ask to receive MMM faxes again and (b) opting out of MMM faxes does not opt you out of faxes from other McKesson Corporation business divisions.

Sun Ophthalmics is a division of Sun Pharmaceutical Industries, Inc.
© 2016 Sun Pharmaceutical Industries, Inc. All rights reserved.
BromSite is a trademark of Sun Pharma Global FZE.
SUN-OPH-BRD-172  10/2016

Appendix XII-B1

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Diane E. Sammons, Esq. | (973) 618-0400 | Middlesex |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Nagel Rice, LLP | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 103 Eisenhower Parkway, Suite 103<br>Roseland, NJ 07068 | Class Action Complaint |
| | JURY DEMAND ■ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| ARcare, Inc., Plaintiff | ARcare, Inc., et als. v. Sun Pharmaceutical Industries, Inc. |

| CASE TYPE NUMBER<br>(See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ■ NO |
|---|---|---|
| 999 (Class Action) | ☐ YES  ■ NO | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING?  ☐ YES  ■ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES  ■ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>■ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ YES  ■ NO | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)<br>☐ FAMILIAL  ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ■ YES  ☐ NO |
|---|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES  ■ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ YES  ■ NO | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *Diane E. Sammons*

Effective 10/01/2016, CN 10517                                                                page 1 of 2

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT (debt collection matters only)
- 505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM (coverage issues only)
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (summary action)
- 999  OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621  UM or UIM CLAIM (includes bodily injury)
- 699  TORT – OTHER

### Track III - 450 days' discovery
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 602  ASSAULT AND BATTERY
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 513  COMPLEX CONSTRUCTION
- 514  INSURANCE FRAUD
- 620  FALSE CLAIMS ACT
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
- 271  ACCUTANE/ISOTRETINOIN
- 274  RISPERDAL/SEROQUEL/ZYPREXA
- 281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282  FOSAMAX
- 285  STRYKER TRIDENT HIP IMPLANTS
- 286  LEVAQUIN
- 287  YAZ/YASMIN/OCELLA
- 289  REGLAN
- 290  POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291  PELVIC MESH/GYNECARE
- 292  PELVIC MESH/BARD
- 293  DEPUY ASR HIP IMPLANT LITIGATION
- 295  ALLODERM REGENERATIVE TISSUE MATRIX
- 296  STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297  MIRENA CONTRACEPTIVE DEVICE
- 299  OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300  TALC-BASED BODY POWDERS
- 601  ASBESTOS
- 623  PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

**Please check off each applicable category**   ■ Putative Class Action   ☐ Title 59

# NAGEL RICE, LLP

COUNSELLORS AT LAW

BRUCE H. NAGEL*
JAY J. RICE*
ROBERT H. SOLOMON
DIANE E. SAMMONS°
LORI I. MAYER°
RANDEE M. MATLOFF
ANDREW L. O'CONNOR
GREG M. KOHN°

HARRY A. MARGOLIS
(1928-2002)

103 EISENHOWER PARKWAY
SUITE 103
ROSELAND, NEW JERSEY 07068
(973) 618-0400
FAX: (973) 618-9194
www.nagelrice.com

230 PARK AVENUE
NEW YORK, NY 10169
(212) 551-1465

PLEASE REPLY TO
ROSELAND OFFICE

OF COUNSEL
CARLETON R. KEMPH°

SUSAN F. CONNORS
BRADLEY L. RICE°
ANDREW I. PEPPER
MICHAEL J. PARAGANO°
ZACHARY A. GOLDMAN°

*CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY
°MEMBER OF NJ & NY BARS

[Stamp: CIVIL RECORDS N.J. SUPERIOR COURT MIDDLESEX VICINAGE  2017 MAY 15  A 11: 43  FILED & RECEIVED #5]

May 9, 2017

Clerk
Middlesex County Courthouse
56 Paterson Street
New Brunswick, NJ 08903

Re:   ARcare, Inc., et als. v. Sun Pharmaceutical Industries, Inc.

Dear Sir/Madam:

Enclosed please find an original and two (2) copies of the following in in connection with the above referenced matter:

1. Class Action Complaint and Jury Demand; and
2. Civil Case Information Statement (CIS).

Kindly file same and have a copy marked "filed" returned to the undersigned in the enclosed self-addressed provided. Kindly charge our account number 140792 any and all applicable fees.

Very truly yours,

DIANE E. SAMMONS

DES:jb
Enclosures
CC:   Randy Pulliam, Esq.